UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MERT DUYMAYAN,<br><br>          Plaintiff(s),<br><br>v.<br><br>DISCOUNT FIREARMS & AMMO, LLC, et al.,<br><br>          Defendant(s). | Case No. 2:25-cv-00227-JAD-NJK<br><br>ORDER<br><br>[Docket Nos. 1, 5] |

Pending before the Court are Plaintiff's initial application to proceed *in forma pauperis*, Docket No. 1, and Plaintiff's second application to proceed *in forma pauperis*, Docket No. 5.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Duymayan v. FBI Las Vegas*, 2025 WL 1089504, at *1 (D. Nev. Mar. 21, 2025) (quoting *Harper v. San Diego City Admin. Bldg.*, 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016)). If an individual is unable or

unwilling to verify his or her poverty, courts may make a factual inquiry into the applicant's financial status and may deny a request to proceed *in forma pauperis*. *See McQuade*, 647 F.2d at 940. "Misrepresentation of assets is sufficient ground[] for denying an *in forma pauperis* application." *Duymayan*, 2025 WL 1089504, at *1 (citing *Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016)).

The record in this case raises serious concerns as to the accuracy and completeness of the affidavits submitted. First, Plaintiff attests on the one hand that he has no income of any kind, but also attests on the other hand that he has $1,100 in monthly expenses for rent, utilities, and insurance. *See* Docket No. 1 at 1-2.[1] It is unclear how Plaintiff pays these bills if he, in fact, has no income of any kind. Second, Plaintiff's more recent application identifies for the first time a car valued at $5,000. *See* Docket No. 5 at 2. If Plaintiff has owned this car for more than two months, it is unclear why he did not identify this asset on his initial affidavit. If Plaintiff has recently acquired this car, it is unclear how he could afford to do so since he attests to having no income. Third, the information Plaintiff attests to in this case differs from his affidavits filed elsewhere around the same time.[2] For example, on February 3, 2025, Plaintiff attested in this case to having $2,000 in stocks. Docket No. 1 at 2. Two days later on February 5, 2025, Plaintiff attested elsewhere to having $3,000 in stocks. *See, e.g.*, *Duymayan v. Bank of Am.*, Case No. 2:25-cv-00248-GMN-DJA, Docket No. 1 at 2 (D. Nev. Feb. 5, 2025).

In light of the circumstances, the pending applications to proceed *in forma pauperis* are both **DENIED** without prejudice. If Plaintiff wishes to avoid payment of the filing fee, he must complete the long form application to proceed *in forma pauperis*. The Clerk's Office is **INSTRUCTED** to send Plaintiff the long form application to proceed *in forma pauperis* used by non-prisoners. All questions must be answered truthfully and completely. If Plaintiff attests to having no income, he must file a separate statement explaining how he pays his monthly bills without any source of income. Plaintiff must also identify the date and circumstances in which he

---

[1] The second application raises the monthly expenses calculation to $1,450. *See* Docket No. 5 at 2.

[2] Plaintiff filed a number of different cases in this District in quick succession.

obtained the car identified on his more recent explanation. This long form application to proceed *in forma pauperis* (and separate statement, as applicable) must be filed by May 5, 2025. In the alternative, Plaintiff may pay the full filing fee by May 5, 2025.

**Failure to comply with this order may result in a recommendation of dismissal.**

IT IS SO ORDERED.

Dated: April 14, 2025

_____
Nancy J. Koppe
United States Magistrate Judge