UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MERT DUYMAYAN,<br><br>            Plaintiff(s),<br><br>v.<br><br>DISCOUNT FIREARMS & AMMO, LLC, et al.,<br><br>            Defendant(s). | Case No. 2:25-cv-00227-JAD-NJK<br><br>ORDER<br><br>[Docket No. 8] |

Pending before the Court is Plaintiff's third application to proceed *in forma pauperis*. Docket No. 8.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Duymayan v. FBI Las Vegas*, 2025 WL 1089504, at *1 (D. Nev. Mar. 21, 2025) (quoting *Harper v. San Diego City Admin. Bldg.*, 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016)). "Skepticism of [*in forma pauperis*]

status is warranted when [*in forma pauperis*] plaintiffs wage aggressive litigation campaigns, especially in multiple cases simultaneously." *Olteanu v. Schneider*, 2025 U.S. Dist. Lexis 108918, at *7 (D. Nev. May 6, 2025) (quoting *Abadi v. Target Corp.*, 2023 WL 6796558, at *8 (E.D. Penn. Oct. 13, 2023)), *adopted*, 2025 U.S. Dist. Lexis 107749 (D. Nev. June 5, 2025). The Court may consider inconsistencies between the information in the *in forma pauperis* application and the plaintiff's complaint. *See, e.g.*, *Salat v. Wilson*, 2017 WL 4269958, at *2 (D. Nev. Sept. 26, 2017). If an individual is unable or unwilling to verify his or her poverty, courts may make a factual inquiry into the applicant's financial status and may deny a request to proceed *in forma pauperis*. *See McQuade*, 647 F.2d at 940. "Misrepresentation of assets is sufficient ground[] for denying an *in forma pauperis* application." *Duymayan*, 2025 WL 1089504, at *1 (citing *Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016)).

This is one of at least 14 cases recently filed in quick succession by Plaintiff.[1] The record raises serious concerns as to the accuracy and completeness of the financial affidavits submitted. First, Plaintiff has attested that he has no income of any kind, but also that he has $1,450 in monthly expenses for rent, utilities, and insurance. *See* Docket No. 8 at 5. It is unclear how Plaintiff pays these bills if he, in fact, has no income. Second and relatedly, Plaintiff initially attested to $950 in credit card debt, Docket No. 1 at 2, but apparently had the means to pay off that debt despite apparently having no income, *see* Docket No. 5 at 2; Docket No. 8 at 4. Third, the premise of this case is that Plaintiff previously sought to purchase a firearm and that he seeks a judicial decree that he can do so. *See, e.g.*, Docket No. 6 at 4. It is not clear how Plaintiff could afford to purchase a firearm given the financial picture he presents in seeking to avoid the filing fee. Fourth,

---

[1] *See also Duymayan v. Robinhood Securities LLC*, Case No. 2:25-cv-00220-JAD-EJY; *Duymayan v. Valley Hosp. Med. Ctr.*, Case No. 2:25-cv-00221-APG-NJK; *Duymayan v. Westland Real Estate Grp.*, Case No. 2:25-cv-00222-CDS-EJY; *Duymayan v. Elite Med. Ctr., LLC*, Case No. 2:25-cv-00223-CDS-DJA; *Duymayan v. FBI Las Vegas*, Case No. 2:25-cv-00224-RFB-DJA; *Duymayan v. American Express Co.*, Case No. 2:25-cv-00226-JAD-EJY; *Duymayan v. Las Vegas City Code Enforcement*, Case No. 2:25-cv-00225-GMN-EJY; *Duymayan v. Bank of Am.*, Case No. 2:25-cv-00248-GMN-DJA; *Duymayan v. NV Energy*, Case No. 2:25-cv-00707-CDS-MDC; *Duymayan v. Westland Real Estate Grp.*, Case No. 2:25-cv-00728-ART-BNW; *Duymayan v. Valley Hosp. Med. Ctr.*, Case No. 2:25-cv-00729-GMN-NJK; *Duymayan v. Valley Hosp. Med. Ctr.*, Case No. 2:25-cv-00980-CDS-MDC; *Duymayan v. Elite Med. Ctr.*, Case No. 2:25-cv-00982-CDS-MDC.

Plaintiff's recent applications identify for the first time a car valued at $5,000. *See* Docket No. 5 at 2; Docket No. 8 at 3. If Plaintiff has owned this car since the inception of this case, it is unclear why he did not identify this asset on his initial affidavit. If Plaintiff has recently acquired this car, it is unclear how he could afford to do so since he attests to having no income. Lastly, the information to which Plaintiff attests in this case differs from his affidavits filed elsewhere around the same time. For example, on February 3, 2025, Plaintiff attested in this case to having $2,000 in stocks. Docket No. 1 at 2. Two days later on February 5, 2025, Plaintiff attested elsewhere to having $3,000 in stocks. *See, e.g.*, *Duymayan v. Bank of Am.*, Case No. 2:25-cv-00248-GMN-DJA, Docket No. 1 at 2 (D. Nev. Feb. 5, 2025).

On April 14, 2025, the Court denied Plaintiff's first two applications to proceed *in forma pauperis* given concerns as to accuracy. Docket No. 7. The Court ordered Plaintiff to file a renewed application to proceed *in forma pauperis* on the long form. *Id.* at 2. Importantly here, the Court also ordered as follows:

> If Plaintiff attests to having no income, he must file a separate statement explaining how he pays his monthly bills without any source of income. Plaintiff must also identify the date and circumstances in which he obtained the car identified on his more recent explanation.

*Id.* at 2-3.

On April 22, 2025, Plaintiff filed a third application to proceed *in forma pauperis* on the long form. Docket No. 8. Plaintiff did not comply with the order to identify the date and circumstances regarding obtaining the car he now identifies. With respect to his income and expenses, Plaintiff again reports no income and nearly $1,500 in monthly expenses. Plaintiff has not sufficiently explained how this is possible. Instead, Plaintiff states in conclusory terms that he has no money, he has filed for disability, and that his savings go toward living expenses. Docket No. 8 at 5. Such bald contentions are insufficient.[2]

---

[2] Plaintiff's long-term financial picture is particularly murky. During the preceding two years, Plaintiff attests to having a single job that lasted two months. *See* Docket No. 8 at 2. It is unclear how two months of employment could buoy Plaintiff to live off savings for years.

3

In the circumstances of this case, the Court again **DENIES** without prejudice the pending application to proceed *in forma pauperis*. If Plaintiff wishes to avoid payment of the filing fee, he must again complete the long form application to proceed *in forma pauperis*. The Clerk's Office is **INSTRUCTED** to send Plaintiff the long form application to proceed *in forma pauperis* used by non-prisoners. All questions must be answered truthfully and completely. Plaintiff must provide a **separate statement** with a fulsome explanation as to how he pays his monthly bills without any source of income. That separate statement must also explain how Plaintiff was able to pay off his credit card debt between February 3, 2025, and April 10, 2025. That separate statement must also explain how Plaintiff has sufficient funds to purchase a firearm. That separate statement must also identify the date and circumstances in which Plaintiff obtained the car identified in his recent applications. In addition, Plaintiff must attach as exhibits to this statement copies of his brokerage and banking records that cover the last year.[3]

Plaintiff must file the above application and information by <u>July 7, 2025</u>. In the alternative, Plaintiff may pay the full filing fee by <u>July 7, 2025</u>. This will be the last opportunity for Plaintiff to substantiate his financial picture. **Failure to comply with this order may result in a recommendation of dismissal.**

IT IS SO ORDERED.

Dated: June 23, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Plaintiff may black out the first part of the financial account numbers, but must leave the last four digits visible. *See* Local Rule IC 6-1(a)(4) (addressing redaction).