1
2
3
4

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

5
6
7
8
9
10

| | |
|---|---|
| MERT DUYMAYAN, | Case No. 2:25-cv-00227-JAD-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| v. | |
| DISCOUNT FIREARMS & AMMO, LLC, et al., | |
| Defendant(s). | |

11    This is one of at least 14 cases recently filed in quick succession by Plaintiff.[1]  In assessing

12    Plaintiff's attestations of poverty in seeking to forego payment of the filing fee in this case, the

13    Court has expressed extensive concerns as to the accuracy and completeness of the information

14    being provided.  *See* Docket No. 9 at 2-3;[2] *see also* Docket No. 7.  In such circumstances, courts

15    are permitted to make a factual inquiry into an applicant's financial status.  *See, e.g.*, *United States*

16    *v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  On June 23, 2025, Plaintiff was ordered to pay

17    the filing fee or file a renewed application to proceed *in forma pauperis*, along with a separate

18    statement with fulsome explanation as to:  how he pays his monthly bills without any source of

19    income, how he managed to pay off his credit card debt without any source of income, how he has

20    sufficient funds to purchase a firearm, and the circumstances of his car purchase.  Docket No. 9 at

21

22
23
24
25
26
27

[1] *See also Duymayan v. Robinhood Securities LLC*, Case No. 2:25-cv-00220-JAD-EJY; *Duymayan v. Valley Hosp. Med. Ctr.*, Case No. 2:25-cv-00221-APG-NJK; *Duymayan v. Westland Real Estate Grp.*, Case No. 2:25-cv-00222-CDS-EJY; *Duymayan v. Elite Med. Ctr., LLC*, Case No. 2:25-cv-00223-CDS-DJA; *Duymayan v. FBI Las Vegas*, Case No. 2:25-cv-00224-RFB-DJA; *Duymayan v. American Express Co.*, Case No. 2:25-cv-00226-JAD-EJY; *Duymayan v. Las Vegas City Code Enforcement*, Case No. 2:25-cv-00225-GMN-EJY; *Duymayan v. Bank of Am.*, Case No. 2:25-cv-00248-GMN-DJA; *Duymayan v. NV Energy*, Case No. 2:25-cv-00707-CDS-MDC; *Duymayan v. Westland Real Estate Grp.*, Case No. 2:25-cv-00728-ART-BNW; *Duymayan v. Valley Hosp. Med. Ctr.*, Case No. 2:25-cv-00729-GMN-NJK; *Duymayan v. Valley Hosp. Med. Ctr.*, Case No. 2:25-cv-00980-CDS-MDC; *Duymayan v. Elite Med. Ctr.*, Case No. 2:25-cv-00982-CDS-MDC.

28

[2] The Court will not repeat its concerns herein, but incorporates the prior orders at Docket Nos. 7 and 9.

1

4.[3]  Plaintiff was required to comply with that order by July 7, 2025.  *Id.*  The Court warned that "[t]his will be the last opportunity for Plaintiff to substantiate his financial picture.  **Failure to comply with this order may result in a recommendation of dismissal.**"  *Id.* (emphasis in original).  Despite that warning, Plaintiff did not comply with the order.  Plaintiff did not pay the filing fee, file the financial information required, or otherwise respond to the order in any way.

This case cannot proceed without Plaintiff either paying the filing fee or filing an application to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1914(a); *see also* 28 U.S.C. § 1915(a).  Moreover, Plaintiff's refusal to comply with the Court's orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the order of this Court notwithstanding the warning that case-dispositive sanctions may be imposed.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: July 14, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[3] The Court also ordered Plaintiff to provide statement copies of his brokerage and banking records.  *Id.*